**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**WILLIAM M. JONES,**
**ADC #133818**                                                                                    **PLAINTIFF**

**V.**                                            **Case No. 4:12CV00705 JLH-BD**

**DALE OWENS**                                                                                **DEFENDANT**

## RECOMMENDED DISPOSITION

**I.      Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United

States District Judge J. Leon Holmes.  Any party may file written objections to this

Recommendation.

Objections must be specific and must include the factual or legal basis for the

objection.  An objection to a factual finding must identify the finding of fact believed to

be wrong and describe the evidence that supports that belief.

An original and one copy of your objections must be received in the office of the

United States District Court Clerk within fourteen (14) days of this Recommendation.  A

copy will be furnished to the opposing party.

If no objections are filed, Judge Holmes can adopt this Recommendation without

independently reviewing all of the evidence in the record.  By not objecting, you may also

waive any right to appeal questions of fact.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## II.     Introduction:

William M. Jones, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that he is being falsely imprisoned on a parole violation.  (Docket entry #2 at p. 4)  Based on the allegations in Mr. Jones's complaint, the Court recommends that this complaint be DISMISSED without prejudice.

## III.    Discussion:

### A.     Standard

Federal courts are required to screen prisoner complaints that seek relief against a government entity, officer, or employee.  Courts must dismiss those parts of a complaint raising claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or that seek money from a defendant who is immune from paying damages.  28 U.S.C. § 1915A(b).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law.  42 U.S.C. § 1983.  Although "detailed factual allegations are not required," the complaint must include enough information to state a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556

U.S. 662, 663, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Pro se complaints are construed liberally, but even pro se complaints must allege enough facts to support the claims advanced. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).  Courts must accept a plaintiff's factual allegations as true, but need not accept a plaintiff's legal conclusions. *Iqbal*, 556 U.S. at 678 (2009).

B.     Mr. Jones's Allegations

In his complaint, Mr. Jones names Dale Owens, the supervisor of his parole officer as a party Defendant.  He alleges that he was wrongly found to have violated the conditions of his parole and that he did nothing wrong.  He states that, "these allegations are ficticious.  I've been falsely imprisoned." (#2 at p. 4)  Mr. Jones seeks punitive damages and compensatory damages for false imprisonment.  He asks this Court to "immediately wave the parole violation." (#2 at p. 5)

Mr. Jones has failed to state a constitutional claim against Defendant Owens.  To the extent that Mr. Jones claims false imprisonment, this is a state law tort claim that does not state a claim for relief  under 42 U.S.C. § 1983.

Further, to the extent Mr. Jones claims that Defendant Owens wrongly revoked his parole, the claim also fails.  Mr. Jones cannot obtain the reversal of his criminal sentence

or parole revocation in a § 1983 action.  *Muhammad v. Close*, 540 U.S. 749, 750 (2004);

*Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  He can obtain this kind of relief in a

federal habeas corpus action only after he has exhausted all of his available remedies in

state court.  *Id*., see also 28 U.S.C. § 2254.  Likewise, Mr. Jones cannot obtain monetary

damages until his sentence or parole revocation has been reversed by the highest state

court or a federal habeas court.  *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

## IV.  **Conclusion**

The Court recommends that Mr. Jones's complaint be DISMISSED and that his

motion for leave to proceed *in forma pauperis* (#1) be denied as moot.  Because Mr.

Jones may be able to pursue a negligence claim in a different forum, the dismissal should

be without prejudice.

DATED this 20th day of November, 2012.

_____

UNITED STATES MAGISTRATE JUDGE